The Prudential Insurance Company of America, Respondent, v. Theodore Vozzella and Another, Appellants. Theodore Vozzella, Appellant, v. The Prudential Insurance Company of America, Respondent.— On the court's own motion, the decision handed down on October 29, 1934 [*ante*, p. 800], is hereby amended to read as follows: Action by the insurance company to rescind a policy of life insurance for fraud on the part of the insured in concealing the fact of his illness at the time he made the application and the fact that he had had previous medical treatment. Action by Theodore Vozzella to recover on the policy. The actions were consolidated. Appeal from judgment dismissing the complaint and declaring the policy void. Judgment reversed on the law and a new trial granted, costs to appellants to abide the event. It does not appear that the attending physician's certificate of death was furnished by the appellant to the respondent with, or as a part of, his claim and proofs of death, and it was, therefore, improperly received in evidence. The testimony of the two doctors who had attended and treated the insured, concerning his health and physical condition at the times of such treatments, was incompetent inasmuch as it appears that their knowledge respecting his physical condition at such times was acquired by subjective symptoms and statements made to them by their patient at the time of such treatments; and eliminating such testimony from the record, there is no competent proof that the insured was in " unsound health " when the policy was issued. There is no proof that the insured made any false representation or concealment concerning his health in his application to the company; and if the insured had made any false statement or concealed any fact respecting his health in said application, the

defendant could not avail itself of that fact as a defense, for the reason that the application was not attached to or indorsed upon the policy. Findings of fact and conclusions of law inconsistent with this decision are reversed. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.